[Dkt. No. 1]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ALLYSON WALLACE, <br><br> Plaintiff, <br><br> v. <br><br> IDEAVILLAGE PRODUCTS CORP.; KEVIN J. O'CONNOR; and LUM, DRASCO & POSITAN LLC, <br><br> Defendants. | Civil No. 18-2089(RMB/KMW) <br><br> **OPINION** |

BUMB, United States District Judge:

Plaintiff Allyson Wallace (the "Plaintiff") initiated this action on February 9, 2018 with the filing of a complaint (the "Complaint"), to which Plaintiff attached voluminous exhibits. [Dkt. No. 1]. Also attached to the Complaint is an application to proceed in forma pauperis ("IFP"). [Dkt. No. 1-7]. Based on Plaintiff's affidavit of indigence, the Court will grant her application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to open this matter and file the Complaint.

At this time, because Plaintiff is proceeding IFP, the Court must preliminarily screen the Complaint, and must dismiss if the Complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**I. Background**

On February 9, 2018, Plaintiff filed the Complaint against Ideavillage Products Corp. ("Ideavillage"); Kevin J. O'Connor ("O'Connor"); and Lum, Drasco and Positan LLC ("LDP" and collectively, the "Defendants"). Plaintiff alleges that Ideavillage has infringed Plaintiff's design patent on the "Body Washing Brush," Patent No. 485,990 (the "Patent"). (Compl. at 3).

This is not the first time Plaintiff has sued Ideavillage in this district for alleged infringement of the Patent.[1] In Wallace v. Spin Spa, Civ. No. 06-5673 (JAD), Plaintiff filed a complaint on November 27, 2006 alleging that "Spin Spa, Inc." had infringed the Patent. As it turned out, Spin Spa is the name of the allegedly infringing product, whose manufacturer was Ideavillage. [See 06-5673, Dkt. No. 16-2 at 1]. On March 28, 2011, the court granted Plaintiff leave to amend her complaint to name Ideavillage, rather than Spin Spa, and on May 11, 2011, Plaintiff filed an amended complaint naming Ideavillage as the

---

[1] Under Fed. R. Evid. 201(b)(2), this Court may take judicial notice of Plaintiff's prior proceedings and the publicly filed documents therein.

2

defendant and alleging one count of patent infringement. [Id. at Dkt. No. 26, 27].

On November 16, 2012, the parties consented to the jurisdiction of United States Magistrate Judge Joseph A. Dickson, and the case was reassigned to Judge Dickson. On December 11, 2013, Ideavillage filed a motion for summary judgement. [Id. at Dkt. No. 61]. Judge Dickson granted Ideavillage's motion on September 15, 2014, dismissing Plaintiff's entire case with prejudice. See Wallace v. Ideavillage Prod. Corp., No. 06-CV-5673-JAD, 2014 WL 4637216, at *1 (D.N.J. Sept. 15, 2014). This decision was based on the court's recognition of "manifest differences in the overall appearance" of the Patent and the allegedly infringing Ideavillage product and its finding that "[Plaintiff] cannot, as a matter of law, prove that the designs appear substantially the same." Id. at *4; see Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008). The court further undertook a comparison of the Patent and the prior art and held that "no reasonable ordinary observer, familiar with the prior art, would be deceived into believing the I[deavillage] [p]roduct is the same as the design depicted in the" Patent. Wallace, 2014 WL 4637216 at *5; see Egyptian Goddess, 543 F.3d. at 676.

Plaintiff appealed the court's grant of summary judgment for Ideavillage, and the Federal Circuit affirmed on March 3,

3

2016. See <u>Wallace v. Ideavillage Prod. Corp.</u>, 640 F. App'x 970 (Fed. Cir. 2016).

**II. Legal Standard**

As stated above, pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen IFP filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive <u>sua sponte</u> screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308

4

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21(1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086–87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Deutsch, 67 F.3d at 1086. Examples of malicious claims can include those that "duplicate . . . allegations of another . . . federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

**III. Analysis**

1. <u>Plaintiff Makes No Allegations Against O'Connor or LDP</u>

The court takes judicial notice of the fact that LDP, and O'Connor, served as counsel for Ideavillage in Plaintiff's 2006 lawsuit. Though they have been named as defendants here, the Plaintiff makes no mention of either O'Connor or LDP in the Complaint. This clearly falls well short of both the requirement under Fed. R. Civ. P. 8 that a complaint set forth a "short and plain statement of the claim," and the requirement under Fed. R. Civ. P. 12(b)(6) that claims be facially plausibile. The Court will dismiss Plaintiff's claims against O'Connor and LDP without prejudice, and Plaintiff will be granted thirty (30) days to amend her Complaint to state a claim against these Defendants. The Court notes, however, that any amended complaint should make clear the basis of this Court's subject matter jurisdiction over O'Connor and LDP, and that if Plaintiff does not amend or if the Court is not satisfied of its jurisdiction, it will dismiss such claims with prejudice.

2. <u>The Patent Infringement Claim is Duplicative of a Previous Claim Brought by Plaintiff in this District</u>

The allegations in Plaintiff's complaint against Ideavillage are identical to those made (and decided) in her 2006 case before Judge Dickson. Plaintiff seeks a second bite at the proverbial apple. It is not clear whether she asks this Court to ignore the decisions by Judge Dickson and the Federal

Circuit or to review those judgments. This Court will do neither. Plaintiff's claims against Ideavillage fall squarely within the doctrine of res judicata and she is precluded from relitigating them here.

Res judicata, or claim preclusion, applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (internal citation omitted). Here, the Federal Circuit affirmed the award of summary judgment in the 2006 action, which was between this Plaintiff and Ideavillage and alleged infringement of the same patent by the same product. As such, res judicata bars any claims against Ideavillage in this case.[2]

---

[2] Moreover, "[a]s part of its general power to administer its docket, a district court may dismiss a duplicative complaint." Fabics v. City of New Brunswick, 629 Fed. Appx. 196, 198 (3d Cir. 2015) (internal quotations omitted); Gause v. Court of Common Pleas, 571 Fed. Appx. 144, 145 (3d Cir. 2014) (citing Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir.1993) (holding that a district court may dismiss duplicative complaints under § 1915(e)); Aziz v. Burrows, 976 F.2d 1158, 1158–59 (8th Cir. 1992)(same). Where it comes to Ideavillage, the Plaintiff's Complaint here is completely duplicative of her 2006 case.

7

**IV. Conclusion**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff will have thirty (30) days to amend her Complaint to allege claims against O'Connor and LDP. Plaintiff's claims against Ideavillage are dismissed, with prejudice. An accompanying Order shall issue on this date.

        s/ Renee Marie Bumb
        RENÉE MARIE BUMB
        United States District Judge

DATED: March 2, 2018